## SWANSEY v. BRECK, Adm'r.

1. When one accepts an order payable out of a certain note, when collected, but dies before the money is collected, and it is afterwards received by his personal representatives, they are liable in their representative character upon the contract of their testator.

Writ of Error to the Circuit Court of Pickens.

Assumpsit by Swansey, suing for the use of W. C. Ferguson, against James H. Cameron and Sarah Cameron, as executor and executrix of the last will and testament of John M. Cameron, deceased, who, in his lifetime, was the executor of the last will of Moses W. Taggert, deceased.

The first count of the declaration avers, that Taggert accepted an order drawn on him by one Neely, in favor of the plaintiff, for $191 70, to be paid out of a note against one Gilmore, when collected. That the note thus referred to in the order, was a note on Wm. M. Gilmore for $1205, due on the 1st January, 1842, on which the said Cameron, in his lifetime commenced a suit, in the name of Neely, for his use—

that this suit, after the death of Cameron, was revived in the names of his executor and executrix, before named, and. the judgment thereon recovered in their names—that afterwards they received and collected the money on said judgment, and thereby became liable to pay the plaintiff the sum mentioned in the accepted order.   In consideration of which they promised, &c.    The second count is for that the said defendants, as executors as aforesaid, were indebted to the plaintiff in the sum of $191 70, for so much money had and received to his use.    In consideration of which the said defendants promised, &c.

The defendants demurred to the declaration, and having resigned, Breck was made a party, as administrator *de bonis non*, and the demurrer was sustained.

This is now assigned as error.

B. F. PORTER, for the plaintiff in error, insisted the executor might plead, *plene administravet* to the first count of the declaration, and that it showed such facts as warranted a judgment *de bonis testatoris*.    [1 H. Black. 102 ; Ellis v. Bowen, For. Ex. 98 ; Powell v. Graham, 7 Taunt. 580 ; Ashley v. Ashley, 7 B. & C. 444.]  Whatever the defect of the first count may be, there is no cause of demurrer to the other, if the plaintiff chooses to trust his claim as one against assets of the estate.   [Ashley v. Ashley, 7 B. & C. 448.]

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—On looking at the order accepted by Taggert; (who is the testator, represented by the defendants in the declaration,) it will be seen he bound himself by the acceptance, to pay the sum named out of the note upon Gilmore *when collected*.   We think it clear, this was a promise binding upon Taggert whenever the condition became absolute, and that his representatives are liable on the promise, independent of the time or person, when and by whom the note was actually collected,   [Jones v. Jones, 5 Ala. R. 262.]   All that was essential in a count on this promise was, to aver the collection of the note referred to by the order, and that the money thereby due was not paid.   This is the ef-

fect of the averments contained in the first count, and we are therefore unable to perceive any ground for sustaining the demurrer, as the first count is substantially good.

Judgment reversed and cause remanded.